**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **EDWARD BREDE**<br>    *Plaintiff*,<br><br>v.<br><br>**APPLE COMPUTER INC.**<br>    *Defendant*. | CASE NO. 1:19-CV-02130<br><br>JUDGE SARA LIOI<br>MAGISTRATE JUDGE KATHLEEN BURKE<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO STAY OR OVERRULE DEFENDANT'S MOTION TO DISMISS AS MOOT** |

Defendant Apple Inc. ("Defendant" or "Apple") respectfully requests that this Court deny Plaintiff Edward Brede's ("Plaintiff") Motion for Leave to Amend Complaint and Motion to Stay or Overrule Defendant's Motion to Dismiss as Moot ("Plaintiff's Motion"), as Plaintiff's proposed amendment is futile.

### I. RELEVANT FACTUAL BACKGROUND

On September 16, 2019, Plaintiff filed a Complaint with the Northern District of Ohio alleging that Defendant violated the Family Medical Leave Act ("FMLA") by interfering with his rights and retaliating against him for exercising those rights when it terminated his employment because of leave he took to care for his sister.[1] (Complaint, ECF No. 1). In the Complaint, Plaintiff alleged he had requested "intermittent leave under the [FMLA] to be caretaker for his terminally

---

[1] Apple acknowledges that the Court must accept as true Plaintiff's allegations for purposes of adjudicating Apple's Motion to Dismiss. Apple provided Plaintiff with leave of absence benefits even though he was not entitled to leave under the FMLA. Apple denies, however, that Plaintiff's employment terminated because of his having taken leave–protected or otherwise. Rather, Apple terminated Plaintiff's employment because he violated Company policy. The Court need not render a decision on these issues, however, in order to resolve Apple's Motion to Dismiss.

ill sister." (Complaint, ¶10). On October 9, 2019, Plaintiff filed a First Amended Complaint alleging the same causes of action, but this time alleging that his leave was to care for his niece and nephew–his sister's children–and that he stood *in loco parentis* with them. (First Amended Complaint, ECF No. 5).

Both Plaintiff's Complaint and First Amended Complaint failed to sufficiently plead a claim under the FMLA. Accordingly, on November 21, 2019, Defendant filed its Motion to Dismiss and Memorandum in Support because, based on the facts alleged, Plaintiff could not establish entitlement to the leave protections of the FMLA. (Motion to Dismiss, ECF No. 9).

On December 5, 2019, Plaintiff filed his instant Motion, seeking to amend his Complaint a second time. (Motion for Leave, ECF No. 11). In the Second Amended Complaint, attached to the Motion for Leave as Exhibit A, Plaintiff alleges that he moved in with his sister,[2] Emily Brede ("Emily"), to assist in caring for her four children after the children's father became incarcerated. (Second Amended Complaint, ¶ 11). Plaintiff further alleges that following Emily's August 2018 stage four cancer diagnosis, he took the role of a parent of the children because she "was not able to care for her minor children while undergoing treatment, attending medical appointments and suffering from symptoms related to her serious medical condition." (Id., ¶ 13). Plaintiff now claims that he requested intermittent leave under the FMLA to be a caretaker for his niece and nephews, and that this leave was classified as "In Loco Parentis" because he "stepped in the role of parent

---

[2] Although Plaintiff alleges that he took leave to care for his sister's children on account of her serious health condition, Plaintiff took leave on account of the serious health condition of his sister-in-law. This is a distinction without a difference. Neither an employee's sister nor sister-in-law is a covered family member sufficient to support an employee's leave under the FMLA. For purposes of this Memorandum, construing all allegations in Plaintiff's favor, Apple will analyze the family relationship as set forth in the Motion for Leave and Second Amended Complaint.

because of Emily's inability to care for them because of her serious health condition. (Id., ¶¶ 19—20).

Defendant opposes Plaintiff's Motion for Leave because Plaintiff's amendment would be futile, as the facts alleged in the Second Amended Complaint do not entitle Plaintiff to the protections of the FMLA. Thus, the Court should deny Plaintiff's Motion for Leave and dismiss Plaintiff's First Amended Complaint.

## II. LAW AND ARGUMENT

### A. Legal Standard

Though Rule 15(A) of the Federal Rules of Civil Procedure permits the Court to "freely give leave [to amend] when justice so requires," a trial court is within its discretion to deny a motion to amend where factors such as bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party, and futility of the amendment exist. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). Indeed, the Court is not required to permit amendment where such would be futile. *See Baldwin-Kaba v. InfoCision, Inc.,* No. 5:18-cv-24782019, U.S. Dist. LEXIS 38679, at *5 (N.D. Ohio, March 11, 2019) (*citing Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "A proposed amendment is futile if the amendment could not withstand a . . . motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

### B. Plaintiff's Second Amended Complaint Lacks Sufficient Facts to Establish that He is Entitled to the Protections of the FMLA.

Plaintiff's Second Amended Complaint, like his initial Complaint and First Amended Complaint, fails to allege sufficient facts to establish that he is entitled to protections under the FMLA. To succeed under either a theory of FMLA retaliation or interference, an employee must show that he was an eligible employee entitled to FMLA leave. *See O'Hara v. GBS Corp.*, No.

5:12CV2317, 2013 U.S. Dist. LEXIS 49652 (N.D. Ohio, March 23, 2013). Plaintiff cannot meet this burden.

Under the FMLA, "an eligible employee is entitled to FMLA leave for one or more of the following: (1) birth of a child; (2) adoption or foster care of a child; (3) care for a spouse, son, daughter, or parent that has a serious health condition; (4) a serious health condition that renders the employee unable to perform the functions of his position; or (5) any qualifying exigency due to a spouse, child, or parent being called for active duty in the Armed Forces." 29 U.S.C.§ 2612(a)(1).

FMLA coverage does not extend to family members not specifically outlined in the statute and this Court has recognized that "various courts have concluded that an employee is not entitled to FMLA coverage to care for family members who are not specifically mentioned in the FMLA." *O'Hara*, 2013 U.S. Dist. LEXIS 49652, at *9 (*citing Novak v. MetroHealth Medical Ctr.*, 503 F.3d 572, (6th Cir. 2007). The terms "son or daughter," as used in the FMLA, are specifically defined in 29 U.S.C. § 2611 as "a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing *in loco parentis*, who is—(A) under 18 years of age; or (B) 18 years of age or older and incapable of self-care because of a mental or physical disability." *See* 29 U.S.C. § 2611(7), (12), (13). 29 U.S.C. § 2611(12). *In loco parentis* exists when an individual takes the role of a parent and has day-to-day responsibilities to care for and financially support a child. 29 C.F.R. § 825.122(d)(3).

Demonstrating *in loco parentis* status is only part of an employee's burden in establishing entitlement to the protections of the FMLA. To sufficiently plead FMLA entitlement based on *in loco parentis*, Plaintiff must allege facts to establish that: (1) he requested FMLA leave to care for someone that has a serious health condition, and (2) he stood *in loco parentis* to the individual

with said serious health condition. *See* 29 U.S.C.§ 2612(a)(1); 29 U.S.C. § 2611(7) & (12). Plaintiff's Second Amended Complaint (as well as his initial Complaint and First Amended Complaint) fails to allege these necessary facts.

Fatally to Plaintiff's claims, he has not and cannot establish that he requested FMLA leave to care for an individual with a serious health condition, to whom he stood *in loco parentis*. (*See* Motion for Leave. pgs. 5—7; Second Amended Complaint, ¶¶ 11—20). Here, Plaintiff specifically alleges that he "requested intermittent leave under the [FMLA] to be a caretaker for his niece and nephews, and this leave was classified as *in loco parentis*, because of his sister's "inability to care for them because of her serious medical condition." (Second Amended Complaint, ¶¶ 19—20). The FMLA, however, does not cover this leave. *See* 29 U.S.C.§ 2612(a)(1).

Plaintiff seeks protection of the FMLA for a leave he requested to provide childcare services for a non-covered family member with a serious health condition. Plaintiff fails to allege that any of the children he claims to have stood *in loco parentis* to have a serious health condition. Again, Plaintiff sought leave due to his sister's serious health condition, but he also fails to allege an *in loco parentis* relationship with her or that his leave was to provide her care. In fact, in his Motion for Leave and Second Amended Complaint, Plaintiff provides particular detail about his household responsibilities, none of which include caring for a covered individual with a serious health condition. (*See* Motion for Leave. pgs. 5—7; Second Amended Complaint, ¶¶ 11—21).

Despite Plaintiff's heavy reliance on *Mcgonnell v. Infotech Solutions, Inc.*, in support of his Motion for Leave, the *Mcgonnell* court also recognized that *in loco parentis* status alone was not sufficient to establish entitlement under the FMLA. No. 1:07-cv-02339, 2009 U.S. Dist. LEXIS 107677, at *13—15, 31—33 (M.D. Pa., Nov. 18, 2009). In analyzing whether the plaintiff gave sufficient notice under the FMLA, the *Mcgonnell* court considered whether the plaintiff's

5

supervisor was informed that the plaintiff's niece was a child (to support *in loco parentis* status) and that the niece had a serious health condition. *Id.* at 31—33. *Mcgonnell* is clearly distinguishable because that plaintiff's niece, who she claimed to stand *in loco parentis* to, had a serious health condition; here, Plaintiff's niece and nephews do not.

In sum, even with the additional facts alleged in Plaintiff's Second Amended Complaint, he cannot establish FMLA entitlement because he again has failed to allege that his leave was to care for a covered family member with a serious health condition.

### C. Plaintiff's Motion for Leave to Amend His Complaint Should be Denied as His Second Amended Complaint Cannot Survive a Motion to Dismiss, and thus, is Futile.

As detailed above, the facts Plaintiff seeks to add in amending his Complaint a second time, are futile as they do no establish that he is entitled to the protections of the FMLA. Under Fed. R. Civ. P. 15(a)(1)(B), Plaintiff had the right to amend his complaint "once as a matter of course" either 21 days after it was served, or 21 days after served a motion under Rule 12(b). Plaintiff already availed himself of that right when he filed his First Amended Complaint. To further amend, he must have Defendant's consent, which he does not, or leave of the Court. A proposed amendment is futile when it cannot survive a motion to dismiss, and the Court is not required to permit futile amendments. *See Riverview Health Inst. LLC*, 601 F.3d 505, 512 (6th Cir. 2010).

Although Plaintiff's Second Amended Complaint provides specific details to support his claim that he stood *in loco parentis* to his niece and nephews, it fails to satisfy the requirements of the FMLA. Plaintiff would only be entitled to the protections of the FMLA if his requested leave was to care for a covered family member with a serious health condition. Plaintiff's Motion to Amend and Second Amended Complaint fail to allege that any of the children he claims to have

stood *in loco parentis* to suffer from a serious health condition. Plaintiff only alleges that his sister, the children's mother, had a serious health condition, but he does not claim to be *in loco parentis* with her in any capacity. In any event, FMLA protections do not cover an employee's leave to provide childcare services to family members—even covered family members—with serious health conditions.

As such, Plaintiff's Motion for Leave should be denied.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to Amend Complaint and Motion to Stay or Overrule Defendant's Motion to Dismiss as Moot, as Plaintiff's amendment would be futile.

> Respectfully submitted,
> **JACKSON LEWIS P.C.**
>
> */s/ Patrick O. Peters*
> Patrick O. Peters (0079539)
> Doriyon C. Glass (0098149)
> Park Center Plaza I, Ste. 400
> 6100 Oak Tree Boulevard
> Cleveland, OH 44131
> Phone: (216) 750-0404; Fax: (216) 750-0826
> Email: Patrick.Peters@jacksonlewis.com
> Doriyon.Glass@jacksonlewis.com
>
> *Counsel for Defendant, Apple Inc.*

4823-0507-1023, v. 1