# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD BREDE, | ) | CASE NO. 1:19-cv-2130 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| APPLE COMPUTER INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Apple Computer Inc. ("Apple" or "defendant") to dismiss the complaint and the first amended complaint of plaintiff Edward Brede ("Brede" or "plaintiff"). (Doc. No. 9.) Brede filed a motion for leave to file a second amended complaint; the motion also included Brede's opposition to Apple's motion to dismiss. (Doc. No. 11.) Apple filed its opposition to the motion for leave. (Doc. No. 12.) For the reasons set forth herein, Brede's motion for leave to amend (Doc. No. 11) is denied and Apple's motion to dismiss (Doc. No. 9) is granted.

## I.     Background

On September 16, 2019, Brede filed his complaint against Apple alleging that it terminated his employment in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Doc. No. 1.) He filed his first amended complaint on October 9, 2019 (Doc. No. 5 ["FAC"]), prior to Apple's appearance.

Brede alleges that he is an "eligible employee" and Apple an "employer" within the meaning of the FMLA, 29 U.S.C. §§ 2611(2), 2611(4)(A). (FAC ¶¶ 3–4.) Brede was hired by Apple in or around September 2008, and was eventually employed as a full-time member of

Apple's Genius Team, working at its Crocker Park location at the time of his termination on August 23, 2019. (*Id.* ¶ 7.) In July 2018, plaintiff requested intermittent FMLA leave—approximately one day every two weeks. (*Id.* ¶¶ 10, 12.) Brede alleges that his leave was classified under the FMLA as "'In Loco Parentis,' to care for his niece and nephew because of his sister's serious medical condition." (*Id.* ¶ 11.)[1]

Subsequently, Apple denied Brede a promotion, allegedly because of his "inability to come to work[.]" (*Id.* ¶¶ 13–14.) On June 13, 2019, Brede received a negative rating in a monthly performance review, which was attributed to "spotty attendance." (*Id.* ¶ 16.) On July 25, 2019, Brede renewed his intermittent FMLA leave. (*Id.* ¶ 17.)

On July 30, 2019, Brede was reprimanded by Apple for allegedly violating company policy by taking a customer's computer hard drive into safekeeping (while the customer left the store to purchase a USB drive needed by Brede to complete service and repair of the computer), and then by taking the hard drive with him on a required break, rather than leaving it unattended on the sales floor. (*Id.* ¶¶ 19–26.) Apple terminated Brede's employment on August 23, 2019, allegedly because of this violation of policy. (*Id.* ¶¶ 28–29.)

Brede alleges that his termination was both an interference with his FMLA rights and in retaliation for his exercise of those rights. (*Id.* ¶ 33.)

## II. Discussion

### A. Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require

---

[1] The proposed second amended complaint (Doc. No. 11-1) alleges that Brede's sister had four children—plaintiff's one niece and three nephews—all under the age of 18. (*Id.* ¶ 10; ¶ 14 (ages ranging from 7 to 16).)

great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

Under Fed. R. Civ. P. 15(a)(2), a court "should freely give leave [to amend] when justice so requires." But the court is not required to permit an amendment that would be futile, that is, one that "fails to state a claim upon which relief may be granted within the meaning of Civil Rule 12(b)(6)." *Jenkins v. Foot Locker, Inc.*, 598 F. App'x 346, 350 (6th Cir. 2015) (citation omitted); *see Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (a proposed amendment is futile if the complaint, as amended, would not survive a motion to dismiss).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**B.     Analysis**

Brede has already amended his complaint once and seeks leave to file a second amended complaint to add allegations aimed at clarifying his claim that he was entitled to FMLA leave due to his role *in loco parentis* with respect to the minor children of his seriously-ill sister. Apple opposes granting leave to amend a second time and seeks dismissal of the first amended complaint[2] because it fails to state a claim under the FMLA. Apple also asserts that a second amendment would be futile because, even with the new allegations proposed by Brede, the second amended complaint, like the complaint and the first amended complaint, could not survive a motion to dismiss.

The Sixth Circuit recognizes "two distinct theories of wrongdoing under the FMLA[,]" *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007) (citing *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 555–56 (6th Cir. 2006))—the "entitlement" or "interference" theory and the "retaliation" or "discrimination" theory. *Id*. In this case, Brede alleges FMLA violations under both theories. "To prevail on either [theory], [plaintiff] must prove that [he] was entitled to FMLA leave." *Branham v. Gannett Satellite Info. Network, Inc.*, 619 F.3d 563, 568 (6th Cir. 2010).[3] In other words, Brede "cannot prevail . . . unless [he] sought leave for an FMLA-qualifying reason[.]"

---

[2] On the last page of the discussion in its motion to dismiss, Apple argues that the "original [c]omplaint" contradicts plaintiff's assertion that he placed Apple on notice that he sought leave based on his *in loco parentis* status in relation to his niece and nephew, because in the original complaint, Brede "alleged that he 'requested intermittent leave to be a caretaker for his terminally ill sister,' rather than his niece and nephew." (Doc. No. 9 at 48.) Either way, the leave would not be FMLA qualifying.

[3] To state a claim for FMLA interference, an employee must allege that "(1) she was an eligible employee as defined under the FMLA; (2) her employer was a covered employer as defined under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave the employer notice of her intention to take FMLA leave; and (5) her employer denied FMLA benefits to which she was entitled." *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577–78 (6th Cir. 2007).

To state a claim for retaliation under the FMLA, an employee must allege that "(1) she was engaged in an activity protected by the FMLA; (2) the employer knew she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action." *Killian*, 454 F.3d at 556 (citing *Arban v. West Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003)).

*Id.* at 569; *Huberty v. Time Warner Entm't Co.*, No. 5:10CV2316, 2012 WL 406983, at *7 (N.D. Ohio Feb. 8, 2012) ("As Huberty was not entitled to FMLA leave, his interference and retaliation claims must fail."); *see also Ney v. City of Hoisington, Kan.*, 264 F. App'x 678, 682 (10th Cir. 2008) (the employee must show that he "engaged in protected activity[,]" not merely that he used leave)[4]; *Smith v. Women's Healthcare Assocs., LLC*, 813 F. Supp. 2d 1224, 1226 (D. Or. 2011) (plaintiff must demonstrate that he "was legally entitled to protected medical leave, and not merely that it was graciously provided" by the employer)[5]. Plaintiff fails to show any entitlement to FMLA leave based on the allegations in his pleadings, including those in the proposed second amended complaint.[6]

The FMLA permits an "eligible employee" of an "employer" to take "a total of 12 workweeks of leave during any 12-month period" for certain specified reasons. *See* 29 USC § 2612(a)(1). There seems to be no question that Brede was an "eligible employee" and that Apple

---

[4] In *Ney*, an employee who actually might have been entitled to FMLA leave for her own serious medical condition, described as "an emotional breakdown," took a seven-month leave, but insisted she did not want FMLA coverage (and would use accumulated sick leave and accrued vacation time) because she did not wish to supply the requisite doctor's certificate. About five months after she returned from her leave, she was terminated; she sued her employer for violating the FMLA's anti-retaliatory provision. The court held that she could not establish her retaliation claim because she had not engaged in protected activity.

[5] In *Smith*, the employee was granted FMLA leave to seek rehabilitation for alcohol and drug use. While she was on that leave, her sister was diagnosed with breast cancer and required surgery. The employee requested, and was granted, two days of personal leave to care for her sister; that leave began immediately after her own medical leave ended. When her employment was later terminated, she claimed her employer told her "'with your sister's diagnosis of breast cancer, we don't think you're going to be able to give your all[.]'" *Smith*, 813 F. Supp. 2d at 1225. In discussing the employee's FMLA retaliation claim, the court noted that the challenged statement by her employer "only addresses [the employee's] use of unprotected personal leave" since "[t]he care of a sibling . . . is not protected under either state or federal law." *Id.* at 1226.

[6] The proposed second amended complaint includes exhibits suggesting that Brede was granted the leave he requested to care for his sister's children, which does not appear to be in dispute. (*See* Doc. No. 11-2 at 81–83.) The letter approving his leave of absence states that the leave was granted under Apple's "Paid Family Care Leave (PFC)" program. While the letter mentions the FMLA, it does not state that Brede's particular leave request was granted under that statute. But, as explained, even if FMLA leave were granted, the leave Brede requested and took is not covered under the statute and, therefore, is not FMLA-protected. *See, e.g.*, *Walker v. Elmore Cty. Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004) (holding that "the statute does not protect an attempt to exercise a right that is not provided by FMLA").

was an "employer" within the meaning of the FMLA. The question is whether Brede sought leave for one of the FMLA-qualifying reasons, which include self-care and "care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C).

> The term "son or daughter" means a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is —
>
> (A) under 18 years of age; or
> (B) 18 years of age or older and incapable of self-care because of a mental or physical disability.

29 U.S.C. § 2611(12).

The flaw in Brede's FMLA claims on both theories is that, although his allegation that he stands *in loco parentis* to the minor children of his seriously-ill sister is taken as true for purposes of the motion to dismiss, his requested leave to care for those children was not FMLA-qualifying. Brede does not allege that any of the *minor children* (who would be considered his daughter and sons under *in loco parentis*) are experiencing a "serious health condition" that requires his care. It is Brede's *sister* that has the serious health condition. Even if Brede's care of the children could be seen, by extension, as care for his sick sister (and Brede cites no legal authority for that proposition), the FMLA does not entitle an employee to take leave to care for a *sibling* with a serious health condition.[7] *O'Hara v. GBS Corp.*, No. 5:12CV2317, 2013 WL 1399258, at *3 (N.D.

---

[7] Brede has also not alleged that either he or his sister were *in loco parentis* with respect to each other, which, under certain circumstances, might have qualified him for FMLA leave to care for *her* (but not for her children). *See O'Hara*, 2013 WL 1399258 at *4 ("while the FMLA extends the definitions of 'parent' or 'son or daughter' to include those standing in loco parentis and courts have extended FMLA coverage to such individuals, such as grandparents, aunts and siblings, they have done so only when the employee had initially explained to the employer the in loco parentis status[]") (citing cases).

6

Ohio Mar. 13, 2013)[8] (29 U.S.C. § 2612(a) "does not include siblings as covered family members for whom employees are entitled to take FMLA leave[]"); *see also Novak*, 503 F.3d at 581 (holding that FMLA leave was not available to care for an employee's newborn grandchild while the baby's mother (the employee's 18-year-old daughter) suffered from a short-term bout with postpartum depression, both because the employee's adult child was not incapable of self-care (i.e., not under a "mental or physical disability") and because the statute does not cover care of grandchildren).

Therefore, because Brede has not alleged, and cannot show, that he was entitled to FMLA leave to care for his sister's children, his first amended complaint fails to state a claim for relief under the FMLA (under either of his two theories), and the proposed second amended complaint would neither remedy that flaw nor render Apple's motion to dismiss moot.

## III. Conclusion

For the reasons discussed herein, Edward Brede's motion for leave to file a second amended complaint (Doc. No. 11) is denied, and Apple Computer Inc.'s motion to dismiss (Doc. No. 9) is granted.

**IT IS SO ORDERED**.

Dated: January 23, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[8] Report and Recommendation adopted by *O'Hara v. GBS Corp.*, No. 5:12CV2317, 2013 WL 1399317 (N.D. Ohio Apr. 5, 2013).